**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

STARR INDEMNITY & LIABILITY COMPANY
a/s/o BBC International LLC, Jacques Moret Inc.,
Love 2 Design LLC, Medline Industries, Inc.,
FKA Brands/Homedics and/or Homedics USA LLC,
Delta Galil USA Inc., Resideo Technologies, Inc., and
Greenlane; and LIBERTY MUTUAL INSURANCE
COMPANY a/s/o Blue Star Clothing Co. Inc., Coaster
Co. of America and Coaster International Corp., IDP
LLC dba Integrated Design Products and Houseware
Brands LLC, Wyndham Collection, Inc., and SRS
International Group LLC,

                    Plaintiffs,

 v.

TRUST FREIGHT SERVICES, INC., ALL-WAYS
FORWARDING INT'L INC., SEA GATE
LOGISTICS, INC., YANG MING MARINE
TRANSPORT CORP., MASTERPIECE
INTERNATIONAL LIMITED, LLC, KUEHNE +
NAGEL INC. d/b/a BLUE ANCHOR AMERICA
LINE, UNITED GLOBAL LOGISTICS, INC.,
DANMAR LINES LTD. a/k/a DANMAR LINES AG,
US PACIFIC TRANSPORT, INC., and ORIENT
EXPRESS CONTAINER CO., LTD.,

                    Defendants.

---

21 Civ.

**COMPLAINT**

Plaintiffs Starr Indemnity & Liability Company and Liberty Mutual Insurance Company,

as and for their Complaint against Defendants Trust Freight Services, Inc., All-Ways Forwarding

Int'l Inc., Sea Gate Logistics, Inc., Yang Ming Marine Transport Corp., Masterpiece International

Limited, LLC, Kuehne + Nagel Inc. d/b/a Blue Anchor America Line, United Global Logistics,

Inc., Danmar Lines Ltd. a/k/a Danmar Lines AG, US Pacific Transport, Inc., and Orient Express

Container Co., Ltd., allege, upon knowledge as to their own acts and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.      The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq.* (note), or, in the alternative, the Harter Act, 46 U.S.C. § 30701 *et seq.*, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      The following issues also concern breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.      The following issues also concern the loss of or damage to goods while being carried by sea from a foreign port to a port of the United States of America and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4.      Each Defendant has consented to jurisdiction in the State of New York by virtue of said Defendant's or its agent's agreement to a contractual choice of forum clause that requires or allows actions against it to be instituted in this Court and/or is subject to jurisdiction in the State of New York by virtue of being a domestic New York business entity formed, organized and existing under the laws of the State of New York.

5.      Venue is proper in this District as to each Defendant because said Defendant is subject to personal jurisdiction in this District with respect to this action.

6.      Venue is also proper in this District because the subject contracts of carriage or other applicable contracts contain a choice of forum clause that calls for or allows the jurisdiction of this Court.

## PARTIES

7.      At and during all the times hereinafter mentioned, Plaintiffs had and now have the legal status and offices and places of business stated in Schedules A - L, which are appended hereto and hereby incorporated by reference and made a part hereof.

8.      Plaintiffs are insurance companies.

9.      Plaintiffs named in Schedules A - L insured the shipments described in Schedules A - L.

10.     Plaintiffs named in Schedules A - L are the duly subrogated insurers of the shippers, consignees and/or receivers of the shipments described in Schedules A - L, and/or a person with a proprietary interest in the shipments described in Schedules A - L,  and/or a person owning, holding or entitled to possession of the shipments or the bills of lading or waybills described in Schedules A - L, and/or a person who is a "Merchant" as defined in the bills of lading or waybills described in Schedules A - L, and/or someone acting on behalf of any of the aforementioned persons (collectively referred to herein as the "Merchants") and bring this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in said shipments, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

11.     At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedules A - L and were and now are

3

engaged in business as a common carrier of goods by sea for hire and/or as an ocean transportation intermediary.

12.    Each Defendant, at all relevant times, held itself out to be and acted as a common carrier and/or a non-vessel operating common carrier engaged in the carriage of goods to or from a port in the United States of America and/or as an ocean transportation intermediary.

## FACTUAL BACKGROUND

13.    On or about the dates and at the Places of Receipt and/or the Ports of Loading stated in Schedules A - L, there were tendered by the shippers and delivered to Defendants named in Schedules A - L, as common carrier or otherwise, the shipments described in Schedules A - L, then being in good order and condition, and said Defendants then and there accepted said shipments so tendered and delivered to said Defendants, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, said Defendants agreed to transport and carry said shipments to the Ports of Discharge and/or the Places of Delivery stated in Schedules A - L, and deliver said shipments, in like good order and condition as when delivered to and received by said Defendants, to the consignees named in Schedules A - L.

14.    The shipments described in Schedules A - L were in good order and condition when delivered to Defendants named in Schedules A - L and when loaded on board the vessel named in Schedules A - L.

15.    Defendants named in Schedules A - L, or their agent, issued a bill of lading or a waybill for each of the shipments described in Schedules A - L, some of the particulars of which are stated in Schedules A - L.

16.    The bills of lading and waybills issued by or on behalf of Defendants named in Schedules A - L were clean bills of lading and waybills.

17.     A contract of carriage or other contract existed between Defendants named in Schedules A - L and others in connection with the shipments described in Schedules A - L that the Merchants, and Plaintiffs named in Schedules A - L as their subrogees, are parties to, are third-party beneficiaries of or are otherwise entitled to enforce.

18.     Such contracts of carriage or other applicable contracts concern the carriage of goods by sea from a foreign port to a port of the United States of America.

19.     All obligations under the contracts of carriage or other applicable contracts to be performed on the part of the Merchants were performed, waived or otherwise excused.

20.     Among other obligations and duties, Defendants named in Schedules A - L had an obligation and duty to deliver the shipments described in Schedules A - L in good order and condition to the Ports of Discharge and/or the Places of Delivery stated in Schedules A - L.

21.     The shipments described in Schedules A - L either were never delivered to the Ports of Discharge and/or the Places of Delivery stated in Schedules A - L or were not delivered in good order and condition to said Ports of Discharge and/or Places of Delivery, in violation of Defendants' obligations and duties as a common carrier of goods by sea for hire and/or as a non-vessel operating common carrier and/or as an ocean transportation intermediary, in breach of the contracts of carriage or other applicable contracts and/or in breach of Defendants' obligations and duties as a bailee for hire.

22.     The Merchants suffered damages because the shipments described in Schedules A - L either were not delivered or were not delivered in good order and condition.

23.     The Merchants submitted a claim to Plaintiffs named in Schedules A - L for the loss of and damage to the shipments described in Schedules A - L.

24.     Plaintiffs named in Schedules A - L paid the claims submitted to them for the loss of and damage to the shipments described in Schedules A - L.

25.     By virtue of their payments, Plaintiffs named in Schedules A - L are equitably and/or contractually subrogated to the rights and claims of the Merchants.

26.     Plaintiffs named in Schedules A - L have, in some instances, received assignments of rights and claims of the Merchants in connection with, relating to, arising out of or as a result of the loss of and damage to said shipments.

27.     By reason of the premises, the damages sustained, including any deductible, as nearly as the same can now be estimated, no part of which has been paid by Defendants although duly demanded, are in the total amount of at least $1,712,149.37

## AS AND FOR A FIRST CAUSE OF ACTION

28.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "27" of this Complaint with the same force and effect as if more fully set forth herein.

29.     The bills of lading, waybills, contracts of carriage and shipments described in Schedules A - L, and other applicable contracts are subject to the provisions of COGSA.

30.     The shipments described in Schedules A - L were in good order and condition when delivered to Defendants and the vessel named in Schedules A - L.

31.     The shipments described in Schedules A - L either were never delivered to the Ports of Discharge and/or the Places of Delivery stated in Schedules A - L or were not delivered in good order and condition to said Ports of Discharge and/or Places of Delivery.

32.     Under COGSA, Defendants named in Schedules A - L are liable for the loss of and damage to the shipments described in Schedules A - L.

33.     Plaintiffs named in Schedules A - L are entitled to recover the damages, including any deductible, suffered because of the loss of and damage to the shipments described in Schedules A - L.

## AS AND FOR A SECOND CAUSE OF ACTION

34.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "33" of this Complaint with the same force and effect as if more fully set forth herein.

35.     To the extent they are not subject to the provisions of COGSA, Defendants, the bills of lading, waybills, contracts of carriage and shipments described in Schedules A - L, and other applicable contracts are subject to the provisions of the Harter Act.

36.     The shipments described in Schedules A - L were in good order and condition when delivered to Defendants and the vessel named in Schedules A - L.

37.     The shipments described in Schedules A - L either were never delivered to the Ports of Discharge and/or the Places of Delivery stated in Schedules A - L or were not delivered in good order and condition to said Ports of Discharge and/or Places of Delivery.

38.     To the extent they are not liable under COGSA, Defendants named in Schedules A - L are liable under the Harter Act for the loss of and damage to the shipments described in Schedules A - L.

39.     Plaintiffs named in Schedules A - L are entitled to recover the damages, including any deductible, suffered because of the loss of and damage to the shipments described in Schedules A - L.

## AS AND FOR A THIRD CAUSE OF ACTION

40.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "39" of this Complaint with the same force and effect as if more fully set forth herein.

41.     Defendants named in Schedules A - L breached the contracts of carriage or other applicable contracts either by failing to deliver the shipments described in Schedules A - L to the Ports of Discharge and/or the Places of Delivery stated in Schedules A - L or by failing to deliver said shipments in good order and condition to said Ports of Discharge and/or Places of Delivery.

42.     Defendants otherwise breached the contracts of carriage or other applicable contracts.

43.     The Merchants suffered damages because of the breach of contract by Defendants.

44.     Plaintiffs named in Schedules A - L are entitled to recover the damages, including any deductible, suffered because of the breach of contract by Defendants named in Schedules A - L.

## AS AND FOR A FOURTH CAUSE OF ACTION

45.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "44" of this Complaint with the same force and effect as if more fully set forth herein.

46.     The shipments described in Schedules A - L were entrusted to the care, custody and control of Defendants named in Schedules A - L and/or persons for whom said Defendants are vicariously liable for delivery to the Ports of Discharge and/or the Places of Delivery stated in Schedules A - L.

47.     The shipments described in Schedules A - L were in good order and condition at the time they were entrusted to Defendants named in Schedules A - L and/or persons for whom said Defendants are vicariously liable.

48.     The shipments described in Schedules A - L were in the care, custody and control of Defendants named in Schedules A - L and/or persons for whom said Defendants are vicariously liable at the time said shipments were lost or damaged.

49.     Defendants named in Schedules A - L and/or persons for whom said Defendants are vicariously liable either failed to deliver the shipments described in Schedules A - L to the Ports of Discharge and/or the Places of Delivery stated in Schedules A - L or failed to deliver said shipments in good order and condition to said Ports of Discharge and/or Places of Delivery.

50.     Defendants named in Schedules A - L and/or persons for whom said Defendants are vicariously liable failed to return the shipments described in Schedules A - L in good order and condition.

51.     The loss of or damage to the shipments described in Schedules A - L was caused by or resulted from the acts or omissions of Defendants named in Schedules A - L and/or persons for whom said Defendants are vicariously liable.

52.     The Merchants suffered damages because of the acts or omissions of Defendants and/or persons for whom said Defendants are vicariously liable.

53.     Plaintiffs named in Schedules A - L are entitled to recover the damages, including any deductible, suffered because of the loss of and damage to the shipments described in Schedules A - L.

**WHEREFORE**, Plaintiffs pray as follows:

A.     For judgment on the First, Second, Third and Fourth Causes of Action in favor of Plaintiffs and against Defendants awarding Plaintiffs damages in an amount to be determined at trial; and

B.     For such other and further relief as the Court deems just and proper under the circumstances, together with the costs and disbursements of this action.

Dated: New York, New York
       November 12, 2021

NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiffs*

By:    */s/ Kevin J.B. O'Malley*
       Samuel C. Coluzzi
       Kevin J.B. O'Malley
       Wall Street Plaza
       88 Pine Street, Seventh Floor
       New York, New York 10005
       (212) 220-3830
       scoluzzi@nicolettihornig.com
       komalley@nicolettihornig.com

## SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Starr Indemnity & Liability Company was and is a business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 399 Park Avenue, 2nd Floor, New York, New York 10022.

**Defendant's Legal Status and Office and Place of Business:**

Defendant Trust Freight Services, Inc. was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York with an office and place of business at 1010 Northern Boulevard, Suite 330, Great Neck, New York 11021.

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| | a/s/o BBC International LLC |
| Defendant/Carrier: | Trust Freight Services, Inc. |
| Bill of Lading/Waybill No.: | TFSSGN-200287 |
| Container No(s).: | MOFU6731091 |
| Consignee: | BBC International LLC |
| Place of Receipt: | Hai Phong, Vietnam |
| Port of Loading: | Hai Phong, Vietnam |
| Port of Discharge: | Long Beach, CA, US |
| Place of Delivery: | Los Angeles, USA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 14, 2020 |
| Description of Goods: | Footwear |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Amount of Loss: | $87,633.00 plus interest and costs |

## SCHEDULE B

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Starr Indemnity & Liability Company was and is a business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 399 Park Avenue, 2nd Floor, New York, New York 10022.

**Defendant's Legal Status and Office and Place of Business:**

Defendant All-Ways Forwarding Int'l Inc. was and is a business entity duly organized and existing under and by virtue of the laws of the State of New Jersey with an office and place of business at 701 Newark Avenue, Suite 300, Elizabeth, New Jersey 07208.

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| | a/s/o Jacques Moret Inc. |
| Defendant/Carrier: | All-Ways Forwarding Int'l Inc. |
| Bill of Lading/Waybill No.: | HEZ20100200 |
| Container No(s).: | HDMU6896998 |
| Consignee: | Jacques Moret Inc. |
| Place of Receipt: | Phnom Penh, Cambodia |
| Port of Loading: | Phnom Penh, Cambodia |
| Port of Discharge: | Long Beach, USA |
| Place of Delivery: | Long Beach, USA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 8, 2020 |
| Description of Goods: | Women's Clothing |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Amount of Loss: | $148,674.83 plus interest and costs |

## SCHEDULE C

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Starr Indemnity & Liability Company was and is a business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 399 Park Avenue, 2nd Floor, New York, New York 10022.

**Defendant's Legal Status and Office and Place of Business:**

Defendant Sea Gate Logistics, Inc. was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York with an office and place of business at 64 North Central Avenue, Valley Stream, New York 11580.

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| | a/s/o Love 2 Design LLC |
| Defendant/Carrier: | Sea Gate Logistics, Inc. |
| Bill of Lading/Waybill No.: | SZAWU200608 |
| Container No(s).: | KOCU9020977 |
| Consignee: | Love 2 Design LLC |
| Place of Receipt: | N/A |
| Port of Loading: | Yantian |
| Port of Discharge: | Long Beach |
| Place of Delivery: | Long Beach |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 16, 2020 |
| Description of Goods: | Backpack and Lunch Kit |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Amount of Loss: | $78,317.64 plus interest and costs |

## SCHEDULE D

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Starr Indemnity & Liability Company was and is a business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 399 Park Avenue, 2nd Floor, New York, New York 10022.

**Defendant's Legal Status and Office and Place of Business:**

Defendant Yang Ming Marine Transport Corp. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 271 Ming De 1st Road Cidu District Keelung Taiwan.

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| | a/s/o Medline Industries, Inc. |
| Defendant/Carrier: | Yang Ming Marine Transport Corp. |
| Bill of Lading/Waybill No.: | YMLUW226128243 |
| Container No(s).: | YMLU9529283 |
| Consignee: | Medline Industries, Inc. |
| Place of Receipt: | Yantian |
| Port of Loading: | Yantian |
| Port of Discharge: | Oakland, CA |
| Place of Delivery: | Oakland, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 16, 2020 |
| Description of Goods: | Medical Supplies |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Amount of Loss: | $25,716.44 plus interest and costs |

## SCHEDULE E

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Starr Indemnity & Liability Company was and is a business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 399 Park Avenue, 2nd Floor, New York, New York 10022.

**Defendant's Legal Status and Office and Place of Business:**

Defendant Masterpiece International Limited, LLC was and is a business entity duly organized and existing under and by virtue of the laws of the State of Delaware with an office and place of business at 39 Broadway, 14th Floor, New York, New York 10006.

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| | a/s/o Medline Industries, Inc. |
| Defendant/Carrier: | Masterpiece International Limited, LLC |
| Bill of Lading/Waybill No.: | HKG20100538 "THGLHKG20100538" |
| Container No(s).: | KKFU6742392 |
| Consignee: | Medline Industries Inc. |
| Place of Receipt: | Hong Kong |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Oakland, CA |
| Place of Delivery: | Oakland, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 17, 2020 |
| Description of Goods: | Medical Supplies |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Amount of Loss: | $25,019.79 plus interest and costs |

## SCHEDULE F

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Starr Indemnity & Liability Company was and is a business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 399 Park Avenue, 2nd Floor, New York, New York 10022.

**Defendant's Legal Status and Office and Place of Business:**

Defendant Kuehne + Nagel Inc. d/b/a Blue Anchor America Line was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York with an office and place of business at 10 Exchange Place, 19th Floor, Jersey City, New Jersey 07302.

**Shipment 1:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| | a/s/o FKA Brands/ Homedics and/or Homedics USA LLC |
| Defendant/Carrier: | Kuehne + Nagel Inc. |
| | d/b/a Blue Anchor America Line |
| Bill of Lading/Waybill No.: | BANQSZX1668166/4363-9188-010.023 |
| Container No(s).: | BEAU5237902 |
| Consignee: | Homedics USA LLC |
| Place of Receipt: | Yantian |
| Port of Loading: | Yantian |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Riverside, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 19, 2020 |
| Description of Goods: | Home Goods |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss (Shipments 1,2,3,4): | $208,465.51 plus interest and costs |

**Shipment 2:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company a/s/o FKA Brands/ Homedics and/or Homedics USA LLC |
| Defendant/Carrier: | Kuehne + Nagel Inc. d/b/a Blue Anchor America Line |
| Bill of Lading/Waybill No.: | BANQSZX1670240/4363-9188-010.335 |
| Container No(s).: | BEAU5237902 |
| Consignee: | Homedics USA LLC |
| Place of Receipt: | Yantian |
| Port of Loading: | Yantian |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Riverside, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 19, 2020 |
| Description of Goods: | Home Goods |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss (Shipments 1,2,3,4): | $208,465.51 plus interest and costs |

**Shipment 3:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company a/s/o FKA Brands/ Homedics and/or Homedics USA LLC |
| Defendant/Carrier: | Kuehne + Nagel Inc. d/b/a Blue Anchor America Line |
| Bill of Lading/Waybill No.: | BANQSZX1670937/4363-9188-010.429 |
| Container No(s).: | BEAU5237902 |
| Consignee: | Homedics USA LLC |
| Place of Receipt: | Yantian |
| Port of Loading: | Yantian |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Riverside, C DOOR |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 19, 2020 |
| Description of Goods: | Home Goods |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss (Shipments 1,2,3,4): | $208,465.51 plus interest and costs |

**Shipment 4:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company a/s/o FKA Brands/ Homedics and/or Homedics USA LLC |
| Defendant/Carrier: | Kuehne + Nagel Inc. d/b/a Blue Anchor America Line |
| Bill of Lading/Waybill No.: | BANQSZX1687282/4363-9188-011.524 |
| Container No(s).: | BEAU5237902 |
| Consignee: | Homedics USA LLC |
| Place of Receipt: | Yantian |
| Port of Loading: | Yantian |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Riverside, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 19, 2020 |
| Description of Goods: | Home Goods |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss (Shipments 1,2,3,4): | $208,465.51 plus interest and costs |

**Shipment 5:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company a/s/o FKA Brands/ Homedics and/or Homedics USA LLC |
| Defendant/Carrier: | Kuehne + Nagel Inc. d/b/a Blue Anchor America Line |
| Bill of Lading/Waybill No.: | BANQSZX1669004/4363-9188-010.157 |
| Container No(s).: | TCLU7980862 |
| Consignee: | Homedics USA LLC |
| Place of Receipt: | N/A |
| Port of Loading: | Yantian |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Riverside, C DOOR |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 19, 2020 |
| Description of Goods: | Home Goods |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Amount of Loss: | $9,809.64 plus interest and costs |

## SCHEDULE G

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Starr Indemnity & Liability Company was and is a business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 399 Park Avenue, 2nd Floor, New York, New York 10022.

**Defendant's Legal Status and Office and Place of Business:**

Defendant United Global Logistics Inc. was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York with an office and place of business at 124 East Merrick Road, Suite 101, Valley Stream, New York 11580.

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company a/s/o Delta Galil USA Inc. |
| Defendant/Carrier: | United Global Logistics, Inc. |
| Bill of Lading/Waybill No.: | UGL15614 |
| Container No(s).: | HLBU3213719 |
| Consignee: | Delta Galil USA Inc. |
| Place of Receipt: | N/A |
| Port of Loading: | Laem Chabang, Thailand |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Long Beach, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 10, 2020 |
| Description of Goods: | Clothing |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Amount of Loss: | $197,178.18 plus interest and costs |

## SCHEDULE H

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Starr Indemnity & Liability Company was and is a business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 399 Park Avenue, 2nd Floor, New York, New York 10022.

**Defendant's Legal Status and Office and Place of Business:**

Defendant Danmar Lines Ltd. a/k/a Danmar Lines AG was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at P.O. Box 2680, 4002 Basel, Switzerland.

**Shipment 1:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| | a/s/o Resideo Technologies, Inc. |
| Defendant/Carrier: | Danmar Lines Ltd. a/k/a Danmar Lines AG |
| Bill of Lading/Waybill No.: | HKGA92338 |
| Container No(s).: | CAIU4244497 |
| Consignee: | Delton Technology International Limited |
| Place of Receipt: | Hong Kong |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Long Beach, United States |
| Place of Delivery: | El Paso, TX, United States |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 17, 2020 |
| Description of Goods: | Electrical Components and parts |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss: | $ 215,858.90 plus interest and costs |
| (Shipments 1,2,3,4,5,6,7) | |

**Shipment 2:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| | a/s/o Resideo Technologies, Inc. |
| Defendant/Carrier: | Danmar Lines Ltd. a/k/a Danmar Lines AG |
| Bill of Lading/Waybill No.: | HKGA92859 |
| Container No(s).: | CAIU4244497 |
| Consignee: | Hong Kong CEE PCB Limited |
| Place of Receipt: | Hong Kong |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Long Beach, United States |
| Place of Delivery: | El Paso, TX, United States |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 17, 2020 |
| Description of Goods: | Electrical Components and parts |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss : | $ 215,858.90 plus interest and costs |
| (Shipments 1,2,3,4,5,6,7) | |

**Shipment 3:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| | a/s/o Resideo Technologies, Inc. |
| Defendant/Carrier: | Danmar Lines Ltd. a/k/a Danmar Lines AG |
| Bill of Lading/Waybill No.: | HKGA92971 |
| Container No(s).: | CAIU4244497 |
| Consignee: | Kinwong Electronic (Hong Kong) Limited |
| Place of Receipt: | Hong Kong |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Long Beach, United States |
| Place of Delivery: | El Paso, TX, United States |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 17, 2020 |
| Description of Goods: | Electrical Components and parts |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss : | $ 215,858.90 plus interest and costs |
| (Shipments 1,2,3,4,5,6,7) | |

**Shipment 4:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company a/s/o Resideo Technologies, Inc. |
| Defendant/Carrier: | Danmar Lines Ltd. a/k/a Danmar Lines AG |
| Bill of Lading/Waybill No.: | HKGA93006 |
| Container No(s).: | CAIU4244497 |
| Consignee: | Delton Technology International Limited |
| Place of Receipt: | Hong Kong |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Long Beach, United States |
| Place of Delivery: | El Paso, TX, United States |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 17, 2020 |
| Description of Goods: | Electrical Components and parts |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss: (Shipments 1,2,3,4,5,6,7) | $ 215,858.90 plus interest and costs |

**Shipment 5:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company a/s/o Resideo Technologies, Inc. |
| Defendant/Carrier: | Danmar Lines Ltd. a/k/a Danmar Lines AG |
| Bill of Lading/Waybill No.: | HKGA93007 |
| Container No(s).: | CAIU4244497 |
| Consignee: | Bun Lan Industrial Co., Ltd. c/o DHL Global Forwarding |
| Place of Receipt: | Hong Kong |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Long Beach, United States |
| Place of Delivery: | El Paso, TX, United States |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 17, 2020 |
| Description of Goods: | Electrical Components and parts |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss: (Shipments 1,2,3,4,5,6,7) | $ 215,858.90 plus interest and costs |

**Shipment 6:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company a/s/o Resideo Technologies, Inc. |
| Defendant/Carrier: | Danmar Lines Ltd. a/k/a Danmar Lines AG |
| Bill of Lading/Waybill No.: | HKGA91785 |
| Container No(s).: | HLBU2267773 |
| Consignee: | Casil Electronic Products Limited |
| Place of Receipt: | Huizhou, China |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Long Beach, United States |
| Place of Delivery: | El Paso, United States |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 17, 2020 |
| Description of Goods: | Electrical Components and parts |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss : | $ 215,858.90 plus interest and costs |
| (Shipments 1,2,3,4,5,6,7) | |

**Shipment 7:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company a/s/o Resideo Technologies, Inc. |
| Defendant/Carrier: | Danmar Lines Ltd. a/k/a Danmar Lines AG |
| Bill of Lading/Waybill No.: | HKGA92534 |
| Container No(s).: | HLBU2267773 |
| Consignee: | Bun Lan Industrial Co., Ltd. c/o DHL Global Forwarding |
| Place of Receipt: | Hong Kong |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Long Beach, United States |
| Place of Delivery: | El Paso, United States |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 17, 2020 |
| Description of Goods: | Electrical Components and parts |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss : | $ 215,858.90 plus interest and costs |
| (Shipments 1,2,3,4,5,6,7) | |

**Shipment 8:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| | a/s/o Greenlane |
| Defendant/Carrier: | Danmar Lines Ltd. |
| Bill of Lading/Waybill No.: | SZXA92104 |
| Container No(s).: | KKFU6962946 |
| Consignee: | Kim International Inc. |
| Place of Receipt: | Shenzhen, China |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, United States |
| Place of Delivery: | Los Angeles, United States |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 19, 2020 |
| Description of Goods: | Electrical Components and parts |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Amount of Loss: | $35,289.74 |

## SCHEDULE I

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Liberty Mutual Insurance Company was and is a business entity duly organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at 28 Liberty Street, 3rd Floor, New York, New York 10005.

**Defendant's Legal Status and Office and Place of Business:**

Defendant US Pacific Transport, Inc. was and is a business entity duly organized and existing under and by virtue of the laws of the United States with an office and place of business at 36-36 Main Street, 6/R, Flushing, New York 11354.

**Shipment 1:**

| | |
|---|---|
| Plaintiff: | Liberty Mutual Insurance Company a/s/o Blue Star Clothing Co. Inc., |
| Defendant/Carrier: | US Pacific Transport, Inc. |
| Bill of Lading/Waybill No.: | HLGB20110106 |
| Container No(s).: | YMLU8613677 |
| Consignee: | Blue Star Clothing Co Inc. |
| Place of Receipt: | Yantian, China |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Long Beach, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 16, 2020 |
| Description of Goods: | Kitchen Accessories/Stainless Steel Drink Straws |
| Nature of Loss: | Non-delivery and/or physical loss or damage |

**Shipment 2:**

| | |
|---|---|
| Plaintiff: | Liberty Mutual Insurance Company a/s/o Blue Star Clothing Co. Inc., |
| Defendant/Carrier: | US Pacific Transport, Inc. |
| Bill of Lading/Waybill No.: | HLGB20110108 |
| Container No(s).: | YMLU8613677 |
| Consignee: | Blue Star Clothing Co Inc. |
| Place of Receipt: | Yantian, China |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Long Beach, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 16, 2020 |
| Description of Goods: | Kitchen Accessories |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss (Shipments 1, 2): | $233,880.00 plus interest and costs |

## SCHEDULE J

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Liberty Mutual Insurance Company was and is a business entity duly organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at 28 Liberty Street, 3rd Floor, New York, New York 10005.

**Defendant's Legal Status and Office and Place of Business:**

Defendant Orient Express Container Co., Ltd. was and is a business entity duly organized and existing under foreign law, with offices at 30 De Castro Street, Road Town, Tortola, British Virgin Islands, and at 133-33 Brookville Blvd., Rosedale, NY 11422.  Pursuant to and in accordance with 46 C.F.R. § 515.24, Defendant Orient Express Container Co., Ltd.  has designated and maintains Anthony Fullbrook, OEC Freight (NY), Inc., located at 133-33 Brookville Blvd., Suite 306, Rosedale, NY 11422, as its agent in the United States for the receipt and service of legal and administrative process.

| | |
|---|---|
| Plaintiff: | Liberty Mutual Insurance Company a/s/o Coaster Co. of America and Coaster International Corp. |
| Defendant/Carrier: | Orient Express Container Co., Ltd. |
| Bill of Lading/Waybill No.: | OERT202701J06205 |
| Container No(s).: | HLXU8598082 |
| Consignee: | Coaster Co., of America |
| Place of Receipt: | Yantian |
| Port of Loading: | Yantian |
| Port of Discharge: | Oakland, CA |
| Place of Delivery: | Oakland, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 19, 2020 |
| Description of Goods: | Furniture |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss: | $ 55,789.00 plus interest and costs |

## SCHEDULE K

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Liberty Mutual Insurance Company was and is a business entity duly organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at 28 Liberty Street, 3rd Floor, New York, New York 10005.

**Defendant's Legal Status and Office and Place of Business:**

Defendant All-Ways Forwarding Int'l Inc. was and is a business entity duly organized and existing under and by virtue of the laws of the United States with an office and place of business at 701 Newark Avenue, Suite 300, Elizabeth, New Jersey 07208.

| | |
|---|---|
| Plaintiff: | Liberty Mutual Insurance Company |
| | a/s/o IDP LLC dba Integrated Design Products and Houseware Brands LLC |
| Defendant/Carrier: | All-Ways Forwarding Int'l Inc. |
| Bill of Lading/Waybill No.: | HEZ20100467 |
| Container No(s).: | HMMU6205060 |
| Consignee: | Houseware Brands, LLC |
| Place of Receipt: | Yantian |
| Port of Loading: | Yantian |
| Port of Discharge: | Los Angeles |
| Place of Delivery: | Los Angeles |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 30, 2020 |
| Description of Goods: | Bathroom Accessories |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss: | $14,299.60 plus interest and costs |

## SCHEDULE L

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Liberty Mutual Insurance Company was and is a business entity duly organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at 28 Liberty Street, 3rd Floor, New York, New York 10005.

**Defendant's Legal Status and Office and Place of Business:**

Defendant Yang Ming Marine Transport Corp. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 271 Ming De 1st Road Cidu District Keelung Taiwan.

**Shipment 1:**

| | |
|---|---|
| Plaintiff: | Liberty Mutual Insurance Company |
| | a/s/o Wyndham Collection, Inc. |
| Defendant/Carrier: | Yang Ming Marine Transport Corp. |
| Bill of Lading/Waybill No.: | YMLUW490383503 |
| Container No(s).: | OCGU8054880 |
| | SEGU5742059 |
| | TEMU8784780 |
| | CAIU7275296 |
| | DRYU9811974 |
| | YMMU6088254 |
| Consignee: | MTS Logistics, Inc. |
| Place of Receipt: | ICD TRANSIMEX |
| Port of Loading: | Cai Mep, TCIT |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Long Beach, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 12, 2020 |
| Description of Goods: | Bathroom Vanities/Countertops/Cabinets/Mirrors |
| Nature of Loss: | Non-delivery and/or physical loss or damage |

**Shipment 2:**

| | |
|---|---|
| Plaintiff: | Liberty Mutual Insurance Company a/s/o Wyndham Collection, Inc. |
| Defendant/Carrier: | Yang Ming Marine Transport Corporation |
| Bill of Lading/Waybill No.: | YMLUW490383505 |
| Container No(s).: | TGBU5511890 |
| | SEGU4529223 |
| | SEGU6451850 |
| | YMMU6139618 |
| | BEAU4500573 |
| | YMLU8777650 |
| | SEGU6791490 |
| | TCNU1510998 |
| Consignee: | MTS Logistics, Inc. |
| Place of Receipt: | ICD TRANSIMEX |
| Port of Loading: | Cai Mep, TCIT |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Long Beach, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 12, 2020 |
| Description of Goods: | Bathroom Vanities/Countertops/Cabinets/Mirrors |
| Nature of Loss: | Non-delivery and/or physical loss or damage |

**Shipment 3:**

| | |
|---|---|
| Plaintiff: | Liberty Mutual Insurance Company a/s/o Wyndham Collection, Inc. |
| Defendant/Carrier: | Yang Ming Marine Transport Corporation |
| Bill of Lading/Waybill No.: | YMLUW490383514 |
| Container No(s).: | BMOU5967042 |
| | YMLU8547981 |
| | TGHU8315589 |
| | SEGU4590141 |
| | TGBU5552179 |
| | TCKU9782637 |
| | BMOU5740022 |
| Consignee: | MTS Logistics, Inc. |
| Place of Receipt: | ICD TRANSIMEX |
| Port of Loading: | Cai Mep, TCIT |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Long Beach, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 12, 2020 |
| Description of Goods: | Bathroom Vanities/Countertops/Cabinets/Mirrors |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss (Shipments 1, 2, 3): | $228,825.48 plus interest and costs |

**Shipment 4:**

| | |
|---|---|
| Plaintiff: | Liberty Mutual Insurance Company |
| | a/s/o SRS International Group LLC |
| Defendant/Carrier: | Yang Ming Marine Transport Corporation |
| Bill of Lading/Waybill No.: | YMLUW491319080 |
| Container No(s).: | YMLU8730729 |
| Consignee: | SRS International Group LLC |
| Place of Receipt: | Haiphong International Gateway Port |
| Port Of Loading: | Haiphong International Gateway Port |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | El Paso, TX |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 8, 2020 |
| Description of Goods: | Clothing Apparel |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss: | $147,391.62 plus interest and costs |